UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON STONE, <br><br> Plaintiff, <br><br> v. <br><br> JOHN HICKS, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-937-JD-MGG |

OPINION AND ORDER

Brandon Stone, a prisoner without a lawyer, filed a complaint against two defendants. ECF 1. He has also filed a motion for a preliminary injunction. ECF 6. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Stone alleges that, from July 2020 to October 2020, Defendants John Hicks, the prison's legal liaison, and John Harvill, the prison's grievance specialist, conspired to impede and restrict his access to review video evidence pertaining to two of his disciplinary hearings. ECF 1 at 5-6. Here, he claims these defendants purposefully created unnecessary delays in allowing him to view the video evidence and threatened

to destroy or remove evidence in his federal cases challenging these hearings. *Id*. at 6. Stone states he filed a number of grievances, but these issues were never resolved. *Id*. at 7.

Stone represents that, on September 27, 2020, he was finally able to view the two videos from his two disciplinary hearings in Sgt. Jones's office. ECF 1 at 13. After he completed his review of the videos, Stone states that Sgt. Jones told him Mr. Hicks said that the videos were either to be destroyed or mailed back to the Attorney General's office at Stone's expense. *Id*. at 13-14. Stone then filed an informal grievance about the situation. *Id*. at 13. Mr. Hicks responded to the grievance indicating he would send the videos back to the Indiana Attorney General's office and let them know that Stone had viewed the videos several times. *Id*. at 14. He also let Stone know that the videos would be kept in litigation files at the Attorney General's office. *Id*.

Stone asserts that, while he was able to view each video three times, Mr. Hicks and Mr. Harvill violated his First Amendment right to access the courts because they delayed and impeded his review of the videos and attempted to destroy his personal copy of the evidence he needed for his federal civil cases. ECF 1 at 6, 16, 19-20. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*.

2

(citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Here, although there was some delay, Stone viewed the videos three times, and they were ultimately preserved for litigation, despite the alleged threat to destroy them. It cannot be plausibly inferred from these allegations that Stone was prejudiced by the actions of the defendants. Thus, he cannot proceed on this claim.

Next, Stone alleges that Mr. Hicks and Mr. Harvill conspired to deprive him of his constitutional rights in violation of 42 U.S.C. § 1985(2). ECF 1 at 17-19. There are four elements that comprise a civil conspiracy under § 1985: "(1) a conspiracy, (2) for purpose of depriving, either directly or indirectly, any person or class of persons of

3

equal protection of laws, (3) an act in furtherance, and (4) injury." *Love v. Bolinger*, 927 F.Supp 1131, 1139 (N.D. Ill. 1996) (citing *United Brotherhood of Carpenters & Joiners Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)). Section 1985(2) requires that the conspiracy be motivated by "racial or some other type of invidious, class-based discrimination." *Lowe v. Letsinger*, 772 F.3d 308, 311 (7th Cir. 1985). Here, Stone cannot proceed on a § 1985(2) claim because he has not alleged that Mr. Hicks and Mr. Harvill were motivated by any race or class-based animus. Furthermore, his claim fails because he has not alleged any agreement or plan, much less an act in furtherance of that plan, both of which are critical elements of a conspiracy action. *Sanders v. City of Indianapolis*, 837 F.Supp. 959, 963 (S.D. Ind. 1992). And, he has not alleged any actual injury; he viewed the videos, and they were ultimately preserved. Therefore, Stone may not proceed on this claim.

As a final matter, Stone has filed a motion for a preliminary injunction. ECF 6. Because the complaint does not state a claim, the motion will be denied.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. Therefore, Stone will not be permitted to file an amended complaint.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 6);

4

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim, and

(3) DIRECTS the clerk to close the case.

SO ORDERED on February 4, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT